UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIA A. DELAROSA,

                                  Plaintiff,                              **MEMORANDUM AND ORDER**
       - against -                                                               19-CV-786 (RRM) (AKT)

WELLS FARGO BANK, N.A., *et al*.

                                  Defendants.
------------------------------------------------------------------------x
MARIA A. DELAROSA,

                                  Plaintiff,

       - against -                                                                19-CV-4665 (RRM) (AKT)

WELLS FARGO BANK, N.A., *et al*.

                                  Defendants.
------------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

       These are the second and third actions that *pro se* plaintiff Maria A. Delarosa has brought against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Citibank, N.A. ("Citibank"), the law firm of Gross Polowy, LLC ("Gross Polowy"), and Ralph J. Madalena, in an effort to stop the foreclosure of her Merrick, New York, home.  In the second action, all four defendants have moved to dismiss, largely on the ground that this action is barred by the *Rooker-Feldman* doctrine.  Plaintiff has opposed the motions, (Doc. No. 22), but her response does not address any of the arguments raised by defendants.  Accordingly, for the reasons set forth below, defendants' motions to dismiss (Doc. Nos. 8, 19, 20, and 25) are granted and *Delarosa v. Wells Fargo Bank, N.A.*, No. 19-CV-786 (RRM) (AKT) is dismissed for lack of subject-matter

jurisdiction.  For the same reason, the Court *sua sponte* dismisses *Delarosa v. Wells Fargo Bank, N.A.*, No. 19-CV-4665 (RRM) (AKT).

## BACKGROUND

Unless otherwise indicated, the following facts are drawn from Delarosa's complaints, the truth of which is assumed for purposes of this Order.  The Court also takes judicial notice of the state-court documents attached to the Declaration of Odera Chuke, submitted in support of Citibank's motion to dismiss.  (Doc. No. 20-2.)

Delarosa owned a home at 3 Copper Beech Place in Merrick, New York, which is located in Nassau County.  (Compl. (Doc. No. 1) at ¶ 1.)  Citibank commenced a foreclosure action in Nassau County Supreme Court in November 2008 by filing a summons and complaint.  (Doc. No. 20-3.)  Delarosa defaulted, and on February 23, 2009, Justice McCabe entered an Order of Reference, appointing a referee to conduct a damages inquest.  (Doc. No. 20-4.)  On November 10, 2009, Justice LaMarca entered a Judgment of Foreclosure and Sale.  (Doc. No. 20-5.)  In April 2014, Citibank moved to vacate both the Order of Reference and the Judgment of Foreclosure and Sale.  That motion was granted by Justice Adams on May 30, 2014. (Doc. No. 20-6.)  However, on May 13, 2015, Justice Adams issued another Judgment of Foreclosure and Sale.  (Doc. No. 20-7.)  On February 15, 2018, Delarosa filed an order to show cause, seeking an order to stay the sale of her property.  (Doc. No. 20-8.)  In early May 2018, Justice Adams issued a short-form order denying the application for a stay.  (*Id.*).

In July 2018, Delarosa commenced the first action brought in this Court: *Delarosa v. Wells Fargo Bank, N.A.*, No. 18-CV-3988 (RRM) (AKT).  That action named the exact same defendants named in the two actions at bar:  Wells Fargo, Citibank, Gross Polowy, and Ralph J. Madalena, an attorney who was named as referee in the most recent state-court judgment.  In

2

January 2019, Delarosa moved for preliminary injunctive relief and defendants Wells Fargo Bank and Citibank jointly moved to dismiss, arguing, among other things, that the action was barred by the *Rooker-Feldman* doctrine. On January 23, 2019, following a conference in which Judge Bianco explained that her case was barred by *Rooker-Feldman*, Delarosa voluntarily dismissed the action the first action.

On February 6, 2019, Delarosa commenced *Delarosa v. Wells Fargo Bank, N.A.*, No. 19-CV-786 (RRM) (AKT) (the "Second Action"), by filing a complaint which is essentially identical to the pleading plaintiff voluntarily dismissed. Delarosa's complaint in the Second Action alleges a violation of her civil rights under 42 U.S.C. §1983 and diversity jurisdiction under 28 U.S.C. §1332. Otherwise, it contains virtually no factual allegations and is difficult to decipher. Nonetheless, it is clear that plaintiff primarily seeks "to urgently and immediately enjoin and restrain defendants … from selling" her real property. (Compl. in Second Action at 2.) The pleading repeatedly alludes to foreclosure proceedings, alleging, among other things, that Citibank and Wells Fargo lack the "right to foreclose." (*Id.* at 6, 7.)

Each of the four defendants now independently move to dismiss the Second Action. All four defendants argue that the complaint fails to state a claim against them. All but Madalena argue that this Court lacks subject-matter jurisdiction, relying on the *Rooker-Feldman* doctrine, and argue that the action is barred by *res judicata* and/or collateral estoppel. Plaintiff's opposition (Doc. No. 22), is largely unintelligible and non-responsive to defendants' arguments for dismissal.

On August 26, 2019, Delarosa commenced *Delarosa v. Wells Fargo Bank, N.A.*, No. 19-CV-4665 (RRM) (AKT) (the "Third Action") against the exact same defendants named in the Second Action, just two weeks after the motions to dismiss the Second Action had been fully

3

briefed. Substantively, the complaint in the Third Action is essentially identical to the complaint in the Second Action, although it attaches more exhibits. No summons have yet issued in that case and therefore no party has answered or otherwise moved to dismiss the complaint.

## DISCUSSION

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)). In a nutshell, this doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Thus, "[t]here are 'four requirements for the application of *Rooker-Feldman*': (1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] ... review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court." *Vossbrinck*, 773 F.3d at 426.

Both the Second Action and the Third Action clearly meet all four requirements under *Rooker-Feldman*. First, Delarosa lost in state court. A Judgment of Foreclosure and Sale was entered in Nassau County State Court on May 13, 2015. Second, in both actions, Delarosa claims that defendants do not have a rightful ownership interest in her property and should not be entitled to sell it. Third, in both actions, Delarosa seeks a Court Order "to urgently and immediately enjoin and restrain defendants … from selling" her real property pursuant to the state-court judgment. (Compl. in Second Action at 2; Compl. in Third Action at 2.) Fourth, review of the state-court records provided by defendant Citibank makes clear that a final

judgment was entered in May 2015, years before the commencement of either action, and that there are no outstanding appeals. Accordingly, the Second Action and the Third Action are both barred by the *Rooker-Feldman* doctrine and dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

For the reasons set forth above, defendants' motions to dismiss the complaint in the Second Action, Docket No. 19-CV-786 (RRM) (AKT), are granted. For the same reasons, the Court *sua sponte* dismisses the Third Action – Docket No. 19-CV-4995. The Clerk of Court is directed to enter judgment against Delarosa in both cases; to mail copies of those judgments and this Memorandum and Order to Delarosa, to note that mailing on the docket sheet, and to close both cases. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May 29, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge